**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EDSON DE OLIVEIRA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 3:26-cv-1589 |
| v. | ) | |
| | ) | |
| WARDEN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND CLOSING CASE ON THE DOCKET WITHOUT PREJUDICE AND RETAINING JURISDICTION**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1). Petitioner, a citizen of Brazil, is currently detained at Moshannon Valley Processing Center. He entered the United States in November, 2021 by San Ysidro, California where he was briefly detained and released on his own recognizance (ECF No. 1, at 2). Petitioner has remained in the United States since that time and was detained on June 28, 2026. *Id*. Petitioner asserts that he was being wrongfully held under 8 U.S.C. § 1225(b)(2)(A). *Id*. Respondents do not dispute that Petitioner is, in fact, subject to discretionary detention pursuant to 8 U.S.C. § 1226(a). (ECF No. 7, at 2).

Both Petitioner and Respondent suggest that Petitioner is subject to discretionary detention pursuant to § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, he is entitled to a bond hearing. This Court agrees. As the Third Circuit recently held in *Buele Morocho v. Warden Philadelphia FDC*, § 1226(a), not § 1225(b)(2)(A), applies to noncitizens who are not "an alien seeking admission." No. 26-1150, 2026 WL 2546223, at *3 (3d Cir. Aug. 28, 2026). Petitioner is not "seeking admission" into the United States. *Id.* at *4 n.11 ("Not all those present

in the United States without authorization seek lawful admission, even if they are attempting to remain in the country. For example, those seeking asylum are not requesting lawful admission, but rather seek relief from removal."). Petitioner's detention is governed by § 1226(a), and he therefore has a right to an individualized bond hearing. Furthermore, where detention is appropriately governed under § 1226(a), detention without a bond hearing is a violation of the Petitioner's due process rights. *Id.* at *9.

Petitioner also now seeks an award of attorneys' fees and expenses. Although "the United States enjoys sovereign immunity from awards of monetary relief," it has waived such immunity for certain monetary awards through the Equal Access to Justice Act ("EAJA"). *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 424 (3d Cir. 2026). Under the EAJA, a court may award fees and expenses to a prevailing party against the United States, unless "the court finds that the position of the United States was *substantially justified* or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added).

Respondents, however, in their Response (ECF No. 7, at 2) agree that *Buele Morocho* controls the instant case and suggest "granting the habeas petition to the extent that it seeks a prompt individualized bond hearing under § 1226(a)[.]" *Id*. So here is the issue as to this fee request, and the position of the Respondents. Until *Buele Morocho*, this Court had generally been denying such EAJA fee requests. While the overwhelming majority of regional federal Courts of Appeals that had considered this issue (along with hundreds of District Courts) had agreed that bond hearings were required because § 1226 applied in these circumstances, decisions from the Courts of Appeals for the Fifth and Eighth Circuits had come out the other way on this issue and were relied upon by the respondents in those cases. Thus, given those latter cases, this Court could not say that the respondents' position was not "substantially justified".

But all of that has changed with *Buele Morocho* now controlling proceedings such as this in this Circuit. In more recent filings in other similar cases in this Court, the Government has advised the Court that Respondents acknowledge *Buele Morocho* is a binding and controlling decision. *See, e.g., Luc Garcia v. Warden*, 3:26-Civ-1520 at ECF No. 12. Therefore, the question could now arise as to why, right now, Respondent custodians in similar situations are not scheduling and causing to be conducted bond hearings in cases like this one, rather than the administration of justice relying upon and awaiting the steady stream of habeas petitions marching through this Court's docket as though the legal landscape in this Circuit had not changed. It has. And perhaps in a short time frame, this Court will conclude that where a petitioner covered by § 1226 had been detained without a bond hearing because their detention was incorrectly reliant on the application of § 1225, have been detained since the *Buele Morocho* decision, and then has been required to file such petition seeking Due Process relief as to that detention and such relief is granted, not only would the issue of immediate release inevitably be up on the table, but also that EAJA fees and costs should be awarded since such detention without a bond hearing would not have been "substantially justified".

But here, the Respondents' response was both forthright and arrived very close on the heels of the *Buele Morocho* decision, so the Court does not conclude that for the short time differential between that decision and the Respondents' response to the Petition here, the Respondents' position was not "substantially justified". But the time in which that conclusion should be reached in like circumstances is compressing and almost certainly drawing short. Here, the Court will not award fees under the EAJA based on the proceedings in this case to date. The Court need not, and does not, reach a conclusion now as to whether such a fee award would or would not be available relative to other proceedings in this case at a later point, or in other cases.

AND NOW, this 9th day of September, 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus, (ECF No. 1), is GRANTED IN PART and DENIED IN PART. It is GRANTED in that as soon as practicable, but no later than thirty (30) days from the date of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226. If Petitioner is released as a result of the aforementioned individualized bond hearing or otherwise, Respondents are further ORDERED to return to Petitioner any and all funds or property which may have been seized from him at the time of his arrest or which is otherwise in their custody. All other requests in the petition are otherwise DENIED WITHOUT PREJUDICE to the extent Petitioner seeks any additional relief at this time.

The Clerk will close the case on the docket without prejudice, and the Court retains jurisdiction over the action and the parties pending further proceedings, as may be appropriate, including interpretation or enforcement of its Orders.

/s/ Mark R. Hornak
Mark R. Hornak
UNITED STATES DISTRICT JUDGE

Dated: September 9, 2026